THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORGUARD INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: |
| MB REAL ESTATE SERVICES, INC., MARTIN KRASLEN, NATIONAL WRECKING COMPANY, and NORMAN MECHANICAL INC. | ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, NorGUARD Insurance Company ("NorGUARD"), by and through its undersigned counsel, brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and alleges as follows:

**INTRODUCTION**

1. This is an action for a declaratory judgment for the purposes of determining questions of actual controversy between the parties and construing the rights and legal relations arising from a contract of insurance that was issued by NorGUARD to Defendant MB Real Estate Services, Inc. ("MBRE"). *See* Copy of Policy, attached as Exh. A.

2. MBRE has demanded that NorGUARD defend and indemnify it with regard to a lawsuit filed by Martin Kraslen, styled as *Martin Kraslen v. W.E. O'Neil Construction Company, et al.*, Case No. 18 L 4183, pending in the Circuit Court of Cook Country, Illinois, Law Division, arising out of an accident that occurred on May 13, 2016 in which Martin Kraslen sustained injuries (the "Law Division Lawsuit").

3. In particular, MBRE has demanded that NorGUARD defend and indemnify it with respect to a claim of spoliation filed against MBRE by Martin Kraslen, as well as third-party complaints for spoliation and contribution filed against MBRE by multiple third-party defendants, including National Wrecking Company ("National Wrecking") and Norman Mechanical, Inc. (Norman Mechanical").

4. NorGUARD agreed to defend MBRE with respect to all of the claims asserted against it in the Law Division Lawsuit under a complete reservation of its rights.

5. NorGUARD disputes any obligation to defend and indemnify MBRE in connection with the spoliation claims asserted against MBRE in the Law Division Lawsuit.

6. NorGUARD disputes that the NorGUARD policy issued to MBRE affords coverage for any contribution liability owed by MBRE to any third-party defendant, including National Wrecking and Norman Mechanical, that exceeds the amount of benefits payable under the Workers' Compensation Act.

7. NorGUARD seeks a declaration concerning its rights and obligations, if any, under the NorGUARD policy for the claims asserted against MBRE in the Law Division Lawsuit.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

9. Venue is proper in this district under 28 U.S.C. §1446(a) because the United States District Court, Northern District of Illinois, Eastern Division is the judicial district where the accident occurred and where the Law Division Lawsuit is pending.

## PARTIES

10. Plaintiff NorGUARD Insurance Company is a corporation incorporated under the laws of the State of Pennsylvania and has its principal place of business in Wilkes-Barre, Pennsylvania, and therefore is a citizen of the State of Pennsylvania. At all relevant times, NorGUARD was duly authorized to issue insurance policies in the State of Illinois.

11. Defendant MB Real Estate Services Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Chicago, Illinois, and therefore is a citizen of both Delaware and Illinois.

12. Defendant Martin Kraslen is a resident of the Township of Channahon in Will County, Illinois and therefore is a citizen of the State of Illinois.

13. Defendant National Wrecking Company is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Chicago, Illinois, and therefore is a citizen of Illinois.

14. Defendant Norman Mechanical, Inc. is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Elgin, Illinois, and therefore is a citizen of Illinois.

## THE POLICY

15. NorGUARD issued Worker's Compensation and Employer's Liability Insurance Policy Number MBWC700003 to Named Insured MB Real Estate Services Inc. for the period of March 1, 2016 to March 1, 2017. *See* Exh. A.

16. The Policy provides coverage for covered losses which occur during the policy period.

17. The Policy provides workers compensation insurance and employers liability coverage subject to certain limitations, exclusions, provisions, and conditions.

18. PART ONE of the Policy applies to "WORKERS COMPENSATION INSURANCE."

19. Section A of PART ONE applicable to "WORKERS COMPENSATION INSURANCE" states, in pertinent part: "This workers compensation insurance applies to bodily injury by accident or bodily injury by disease." *See* Exh. A at NORGUARD-MBRE 0025.

20. Section B of PART ONE of the Policy applicable to "WORKERS COMPENSATION INSURANCE" states: "We will pay promptly when due the benefits required of you by the workers compensation law." *See* Exh. A at NORGUARD-MBRE 0025.

21. Section C of PART ONE of the Policy applicable to "WORKERS COMPENSATION INSURANCE" states:

> **C. We Will Defend:**
>
> We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.
>
> We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

Exh. A at NORGUARD-MBRE 0025.

22. PART TWO of the Policy applies to "EMPLOYERS LIABILITY INSURANCE."

23. Section A of PART TWO applicable to "EMPLOYERS LIABILITY INSURANCE" states, in pertinent part: "This employers liability insurance applies to bodily injury by accident or bodily injury by disease." *See* Exh. A at NORGUARD-MBRE 0026.

24. Section A of PART TWO applicable to "EMPLOYERS LIABILITY INSURANCE" also states, in pertinent part: "The bodily injury must arise out of an in the course of the injured employee's employment by you." See Exh. A at NORGUARD-MBRE 0026.

25. Section B of PART TWO applicable to "EMPLOYERS LIABILITY INSURANCE" states, in pertinent part:

> **B. We Will Pay:**
>
> We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers' Liability Insurance.
>
> The damages we will pay, where recovery is permitted by law, include damages:
>
> 1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee….

Exh. A at NORGUARD-MBRE 0026-27.

26. Section C of PART TWO applicable to "EMPLOYERS LIABILITY INSURANCE" contains certain exclusions, including:

> **C. Exclusions**
>
> This insurance does not cover:
>
> 1. Liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

Exh. A. at NORGUARD-MBRE 0027.

27. Section D of PART TWO applicable to "EMPLOYERS LIABILITY INSURANCE" states, in pertinent part:

>**D. We Will Defend**
>
>We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.
>
>We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

Exh. A at NORGUARD-MBRE 0027.

28. The Policy contains an ILLINOIS WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY EXCLUSION ENDORSEMENT ("EL EXCLUSION ENDORSEMENT") which changes Exclusion 1 under Section C of PART TWO of the Policy and states:

>C. Change Part Two—C. Exclusions 1. as follows:
>
>This insurance does not cover
>
>1. liability assumed under a contract, and/or any agreement to waive your right to limit your liability for contribution to the amount of benefits payable under the Workers Compensation Act and the Workers Occupational Disease Act. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

Exh. A at NORGUARD-MBRE 0047.

### THE MAY 13, 2016 ACCIDENT AND LAW DIVISION LAWSUIT

29. On May 13, 2016, Martin Kraslen was working as the Chief Operating Engineer for MBRE at the property located at 85 East Upper Wacker Drive, Chicago Illinois (the "Property").

30. On information and belief, prior to May 13, 2016, damage was caused to a cast iron sewage ejector basin pit access cover located in the basement of the Property during a construction project converting the Property from an office building to a hotel.

31. On information and belief, on May 13, 2016, Martin Kraslen was entering the inside walkway directly outside his office doorway and fell through the sewage ejector basin pit access cover into the excavated pit area beneath.

32. On information and belief, Martin Kraslen sustained serious injuries as a result of the fall.

33. After the accident, Martin Kraslen filed a workers compensation claim against his employer MBRE and Kraslen obtained workers compensation benefits under the NorGUARD Policy issued to MBRE.

34. On April 24, 2018, Martin Kraslen filed the Law Division Lawsuit against multiple defendants, including MBRE, Norman Mechanical and National Wrecking.

35. The operative Eleventh Amended Complaint in the Law Division Lawsuit asserts a single count against MBRE for "Negligent Spoliation – Video Surveillance." *See* Eleventh Am. Cmplt filed in the Law Division Lawsuit, at Count 25, attached as Exh. B.

36. The operative Eleventh Amended Complaint alleges, among other things, that the video "surveillance system was on, active, recording and storing footage, and captured in whole, [Kraslen's] fall and injury." Exh. B at ¶7, p. 112.

37. The operative Eleventh Amended Complaint further alleges that MBRE "received a download link to the video footage of [Kraslen's] fall and injury"; and that MBRE "failed to preserve the video surveillance (that was in its possession and accessible to it) including of the video footage of the fall and injury." Exh. B at ¶¶9, 16 on pp. 113-114.

38. The operative Eleventh Amended Complaint also alleges that MBRE "breached its duty to [Kraslen] that it voluntary assumed to preserve the video surveillance footage … and was then and there guilty of" negligence. Exh. B at ¶22 on pp. 115.

39. The operative Eleventh Amended Complaint further alleges that as a result of MBRE's purported negligence, Kraslen is deprived of key evidence to support all of his claims, thereby damaging Kraslen in excess of $100,000. See Exh. B at pp. 115-116.

40. In addition to Kraslen's claim of spoliation against MBRE, multiple third-party defendants, including National Wrecking and Norman Mechanical, filed third-party complaints against MBRE.

41. The operative Fourth Amended Third-Party Complaint filed by National Wrecking against MBRE contains two Counts: Count I for Contribution under the Joint Tortfeasor Contribution Act, 740 ILCS §100 et seq., and Count II for Spoliation arising out of MBRE's alleged breach of its duty to preserve the video surveillance footage of Kraslen's fall. *See* MBRE Ans. to Fourth Am. Third-Party Cmplt filed by National Wrecking, Exh. C.

42. Similarly, the operative Amended Third-Party Complaint filed by Norman Mechanical against MBRE contains two Counts: Count I for Contribution under the Joint Tortfeasor Contribution Act, 740 ILCS §100 et seq., and Count II for Spoliation arising out of MBRE's alleged breach of its duty to preserve the video surveillance footage of Kraslen's fall. *See* MBRE Ans. to Am. Third-Party Cmplt filed by Norman Mechanical, Exh. D.

43. NorGUARD agreed to defend MBRE, subject to a complete reservation of its rights, in connection with all claims filed against MBRE in the Law Division Lawsuit.

44. In accordance with that agreement, NorGUARD retained defense counsel to represent MBRE in the Law Division Lawsuit.

## COUNT I FOR DECLARATORY JUDGMENT OF NO COVERAGE FOR THE SPOLIATION CLAIMS UNDER THE POLICY

45. NorGUARD incorporates by reference paragraphs 1 through 44 above as though fully set forth herein.

46. NorGUARD is under no obligation to defend or indemnify MBRE in connection with the spoliation claims asserted against MBRE in the Law Division Lawsuit pursuant to the terms, conditions, provisions and exclusions of the Policy.

47. Part One of the Policy solely affords coverage for benefits required of MBRE by the workers' compensation law.

48. There is no coverage for the spoliation claims under Part One of the Policy because those claims do not seek workers' compensation benefits.

49. There is also no coverage for the spoliation claims under Part Two of the Policy which is limited to certain bodily injury to MBRE's employees.

50. The Policy does not provide coverage for the spoliation claims asserted against MBRE because those claims do not seek damages for bodily injury; rather the spoliation claims seek damages relating to Kraslen's alleged inability to prove his causes of action and successfully prevail in the Law Division Lawsuit.

51. The Policy does not provide coverage for the spoliation claims asserted against MBRE because the inability to prove a cause of action and prevail in the Law Division Lawsuit does not fall within the plain and ordinary meaning of the term bodily injury.

52. On information and belief, MBRE disputes NorGUARD's position that it has no duty to defend or indemnify MBRE with respect to the spoliation claims asserted against MBRE in the Law Division Lawsuit.

53. On information and belief, Defendants Kraslen, National Wrecking and Norman Mechanical dispute NorGUARD's position that the Policy issued to MBRE does not afford coverage for the spoliation claims asserted against MBRE in the Law Division Lawsuit.

54. There exists a substantial, bona fide, actual and justiciable dispute between the parties as to whether the Policy issued by NorGUARD affords coverage for the spoliation claims.

55. NorGUARD is therefore entitled to have a declaration of its rights and a judicial interpretation of the rights and obligations of the parties under the Policy.

56. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, NorGUARD respectfully prays as follows:

(1) That this Court enter a declaratory judgment that NorGUARD is under no obligation to provide a defense to or indemnify MBRE, or to pay any expenses incurred by it, in connection with the spoliation claims asserted against MBRE in the Law Division Lawsuit;

(2) That this Court enter a declaratory judgment that the Policy issued to MBRE does not provide coverage for any damages and/or claims arising out of the spoliation claims asserted against MBRE in the Law Division Lawsuit; and

(3) That NorGUARD be awarded such other and further relief that this Court deems just and proper.

**COUNT II FOR DECLARATORY JUDGMENT THAT NORGUARD'S OBLIGATIONS UNDER THE POLICY, IF ANY, FOR THE CONTRIBUTION CLAIMS ARE LIMITED TO BENEFITS PAYAYBLE UNDER THE WORKERS' COMPENSATION ACT**

57. NorGUARD incorporates by reference paragraphs 1 through 56 above as though fully set forth herein.

58. The Policy does not afford coverage for any contribution liability that exceeds NorGUARD's workers' compensation lien for amounts paid to Martin Kraslen in workers' compensation benefits.

59. The EL Exclusion Endorsement in the Policy precludes coverage for any contribution liability owed by MBRE to National Wrecking and/or Norman Mechanical that exceeds the amount of benefits payable under the Workers Compensation Act.

60. In the event National Wrecking and/or Norman Mechanical obtain a judgment against MBRE in the Law Division Lawsuit, NorGUARD has no obligation to indemnify MBRE for any amounts that exceed NorGUARD's workers' compensation lien.

61. NorGUARD has no obligation to indemnify MBRE and/or pay or contribute to any settlement in the Law Division Lawsuit for any amounts that exceed NorGUARD's workers' compensation lien.

62. On information and belief, MBRE disputes NorGUARD's position that the Policy limits coverage for any contribution liability owed by MBRE in excess of NorGUARD's workers' compensation lien for amounts paid to Martin Kraslen in workers' compensation benefits.

63. On information and belief, National Wrecking and Norman Mechanical dispute NorGUARD's position that the Policy limits coverage for any contribution liability owed by MBRE in excess of NorGUARD's workers' compensation lien for amounts paid to Martin Kraslen in workers' compensation benefits.

64. NorGUARD is therefore entitled to have a declaration of its obligations, if any, under the Policy to provide coverage for any contribution liability owed by MBRE in excess of NorGUARD's workers' compensation lien.

65. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, NorGUARD respectfully prays as follows:

(1) That this Court enter a declaratory judgment that NorGUARD is under no obligation to indemnify MBRE for any contribution liability owed by MBRE that exceeds NorGUARD's workers' compensation lien;

(2) That the Policy's EL Exclusion Endorsement precludes coverage for any contribution liability owed by MBRE to National Wrecking and/or Norman Mechanical that exceeds the amount of benefits payable under the Workers Compensation Act; and

(3) NorGUARD be awarded such other and further relief that this Court deems just and proper.

Dated: June 8, 2022

Respectfully submitted,

COZEN O'CONNOR

By: /s/ Wendy N. Enerson

*Attorney for Plaintiff NorGUARD Insurance Company*

Wendy N. Enerson ARDC No. 6272377
Elisabeth C. Ross ARDC No. 6220648
COZEN O'CONNOR
123 North Wacker Drive
Suite 1800
Chicago, IL 60606
(312) 382-3100 (telephone)
(312) 382-8910 (facsimile)
wenerson@cozen.com
eross@cozen.com