# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NORGUARD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 1:22-cv-03007 |
| | ) | |
| MB REAL ESTATE SERVICES, INC., | ) | Honorable Sunil R. Harjani |
| MARTIN KRASLEN, NATIONAL | ) | |
| WRECKING COMPANY, and NORMAN | ) | Honorable Daniel P. McLaughlin, |
| MECHANICAL INC. | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MB REAL ESTATES INC.'S *MOTIONS IN LIMINE* TO EXCLUDE VARIOUS EVIDENCE AND ARGUMENTS

**NOW COMES** the **DEFENDANT MB REAL ESTATES INC**, by its attorneys, Patricoski Law Offices, prior to bench trial, moves this Court in *limine* to instruct the Plaintiff and Plaintiff's counsel, as set for below, for the following reasons.

As the evidence and arguments addressed in this Motion in *limine* are clearly inadmissible and irrelevant to any issue in this lawsuit, Defendant MBRE [hereinafter "**MBRE**"] respectfully moves that Plaintiff NorGUARD [hereinafter "**NorGUARD**"], its counsel, and its witnesses be precluded from making any remark, statement, question, inference, innuendo, or testimony of any nature that might inform or suggest to the trier of fact the circumstances, facts, or topics addressed herein. If any of the matters addressed in this Motion were made known to the trier of fact in any manner, it would be highly improper and prejudicial, even if the Court were to sustain an objection, strike the matter, and/or instruct the trier of fact not to consider the same.

## TABLE OF CONTENTS

**MOTION IN LIMINE NO. 1**     **3**

TO EXCLUDE ANY ARGUMENTS OR REFERENCES BY NORGUARD REGARDING [THE NOW DISMISSED] CNA INSURANCE, ITS COVERAGE OF MBRE, OR ITS INVOLVEMENT AS A PARTY TO THIS MATTER     3

**MOTION IN LIMINE NO. 2**     **5**

TO EXCLUDE ARGUMENTS OR EVIDENCE REGARDING A FALSE TIMELINE OF EVENTS AND LACK OF NOTICE DEFENSES     5

**MOTION IN LIMINE NO. 3**     **8**

TO EXCLUDE ARGUMENTS THAT NORGUARD DID NOT CONTROL THE LITIGATION     8

**MOTION IN LIMINE NO. 4**     **11**

TO LIMIT NORGUARD TO CALLING ONLY PROPERLY DISCLOSED WITNESSES 11

## Legal Authority

The District Court has the inherent authority to manage the course of a trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The Court may exercise this power by issuing an evidentiary ruling in advance of trial. Id. A party may seek such a ruling by filing a motion in *limine*, which requests the Court's guidance on what evidence will (or will not) be admitted at trial. *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). Prudent motions in *limine* serve a gatekeeping function by allowing the judge "to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). By defining the evidentiary boundaries, motions in *limine* both permit "the parties to focus their preparation on those matters that will be considered by the jury," id., and help ensure "that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

As with all evidentiary matters, the Court has broad discretion when ruling on motions in *limine*. *United States v. Ajayi*, 2015 WL 8538025, at *5 (7th Cir. Dec. 11, 2015); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Moreover, the Court can change its ruling at trial, "even if nothing unexpected happens." *Luce*, 469 U.S. at 41.

Rulings in *limine* are speculative in effect; essentially, they are advisory opinions. *Wilson*, 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part).

The Court will grant a motion in *limine* to bar evidence only where that evidence is clearly inadmissible for any purpose. *Taylor v. Union Pac. R. Co.*, 2010 WL 5421298, at *1 (S.D. Ill. Dec. 27, 2010). This is a high standard. Thomas v. Sheahan, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007). The moving party bears the burden of establishing clear inadmissibility. *Euroholdings Capital & Inv. Corp. v. Harris Trust & Sav. Bank*, 602 F. Supp. 2d 928, 934 (N.D. Ill. 2009). If the moving party cannot satisfy her burden, the evidentiary ruling should be deferred until trial. *Green v. Goodyear Dunlop Tires N. Am., Ltd.*, 2010 WL 747501, at *1 (S.D. Ill. Mar. 2, 2010). That is because, at trial, the Court will have the benefit of understanding "the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011).

## MOTION IN *LIMINE* NO. 1
## CNA INSURANCE

### TO EXCLUDE ANY ARGUMENTS OR REFERENCES BY NORGUARD REGARDING [THE NOW DISMISSED] CNA INSURANCE, ITS COVERAGE OF MBRE, OR ITS INVOLVEMENT AS A PARTY TO THIS MATTER

Withdrawn and stipulated to by the parties.

## MOTION IN *LIMINE* NO. 2

### TO EXCLUDE ARGUMENTS OR EVIDENCE REGARDING A FALSE TIMELINE OF EVENTS AND LACK OF NOTICE DEFENSES

## INTRODUCTION

MBRE respectfully moves this Court for an order in *limine* excluding any arguments, testimony, or evidence by NorGUARD regarding: (1) any timeline (aware and

notice of the Spoliation claims) shorter than the period from September 14, 2021 through February 22, 2022; (2) claims of lack of awareness or notice of spoliation complaints; and (3) arguments requiring proof of constructive notice to advance estoppel or waiver theories. Such evidence should be excluded as it relies upon a demonstrably false factual foundation that NorGUARD has already attempted to suppress throughout this litigation.

MBRE relies upon and incorporates by reference its Rule 37 Motion for Sanctions on the same issue. Please see <u>Docket No. 136</u>.

**FACTUAL BACKGROUND**

NorGUARD has consistently misrepresented the timeline of its knowledge regarding the spoliation claims in this matter. Throughout this litigation, NorGUARD repeatedly claimed it first learned of the spoliation claim on January 31, 2022, and issued its reservation of rights letter a "mere" 22 days later on February 22, 2022. See generally <u>Docket No. 136</u> and specifically, <u>Docket Nos. 73</u>, <u>85</u>, and <u>86</u>. This Court relied upon this represented timeline in its summary judgment analysis, noting that "After NorGUARD became aware of the new claim, NorGUARD advised MBRE that there was no coverage under their policy for the spoliation claim, but that it would continue to defend MBRE under a reservation of rights." <u>Docket No 100.</u> at 1.

However, as set forth in MBRE's pending Rule 37 Motion for Sanctions [136], recently produced unredacted claim notes reveal that NorGUARD had knowledge of the spoliation claim as early as October 5, 2021—nearly four months earlier than NorGUARD repeatedly represented to this Court through pleadings and sworn testimony. As demonstrated by the unredacted claim file produced for the first time on April 24, 2025, Harry O'Neil's claim file note from October 5, 2021, contains a clear discussion of the Spoliation Claim brought by Kraslen, contradicting NorGUARD's consistent representations throughout this litigation. The actual timeline extends approximately 141

days from documented knowledge (October 5, 2021) to the reservation of rights (February 22, 2022), fundamentally altering the analysis of NorGUARD's control and delay in this matter.

Additionally, the Kraslen spoliation complaint was filed on September 14, 2021, and eight (8) co-defendants brought spoliation complaints on September 10, 2021. NorGUARD, through its appointed counsel's involvement in the underlying litigation, had constructive knowledge of all pleadings and litigation developments, including three hundred and seven (307) Cook County Court (CCC) filings during the relevant time period. These redactions and subsequent misrepresentations directly affected this Court's analysis in its summary judgment opinion [Docket No. 100] and have prejudiced MBRE throughout this litigation.

## ARGUMENT

### A. Arguments Regarding Compressed Timeline Must Be Excluded

NorGUARD should be precluded from arguing any timeline period shorter than September 14, 2021, through February 22, 2022. Any suggestion that NorGUARD's knowledge began later than September 14, 2021, or that the reservation of rights was issued promptly after gaining knowledge has been definitively contradicted by NorGUARD's own claim file records. Allowing such arguments would permit NorGUARD to benefit from its systematic concealment of evidence and false representations to this Court.

### B. Lack of Awareness Arguments Must Be Excluded

NorGUARD should be barred from asserting that it was unaware of spoliation complaints, including those brought by eight (8) of MBRE's co-defendants (including Oxford Capital Group, W.E. O'Neil Construction, 360 N. Michigan Ave, LLC, Alliance Concrete Inc, Londonhouse Chicago LeaseCo, LLC, Norman Mechanical Inc, National Wrecking, Inc., and Oxford Hotels and Resorts) on September 10, 2021. Such arguments are directly

contradicted by the documented evidence and would constitute a continuation of the misrepresentations that have plagued this litigation.

C. Constructive Notice Standards Support Exclusion

As a matter of law, NorGUARD should be held to have full knowledge, involvement, and control of the subject litigation through its appointed counsel's participation. Arguments that "our agents did not tell us," "our agents did not have authority," "our appointed attorney did not advise us," or similar claims of ignorance should be barred as inconsistent with established principles of agency and constructive notice. This Court has already cited *R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 728 (7th Cir. 2011) (quoting 4 Couch on Insurance § 202:17 (3d ed. 2007)), noting the hiring of 'competent counsel' but also 'keeping abreast of progress and status of litigation in order that it may act intelligently and in good faith on settlement offers.' This Court went on to note that:

> "A party's attempt to disclaim knowledge of actions taken by its own attorneys raises significant concerns; particularly when there are public policy reasons to disallow an insurer from disclaiming knowledge and control of the conduct of its own appointed counsel when it assumes a defense without reserving rights. To reward an insurer for its failure to adequately supervise its litigations would be contrary to the longstanding objectives of Illinois insurance dispute precedents, and would in essence incentivize insurers to ignore their cases.

See Docket No. 100 at page 19.

D. Notice Requirements for Estoppel/Waiver Should Be Deemed Satisfied

All arguments requiring proof that MBRE must show NorGUARD was constructively aware of the spoliation complaint to advance estoppel or waiver arguments should be excluded. Given NorGUARD's documented actual knowledge and its appointed counsel's involvement in the litigation, including knowledge of all filings and pleadings by litigation participants, the notice requirement is satisfied as a matter of law.

This court cited in its opinion [while operating under a false timeline] *Bituminous Cas. Corp. v. Fulkerson*, 212 Ill. App. 3d 556, 560, 571 N.E.2d 256, 259 (1991), 571 N.E.2d at

Page 6 of 15

264–65 (finding that when the insurer's retained counsel lost documents relevant to plaintiff's claim that plaintiff was required to turn over to the insurer's retained counsel, that the actions and omissions of the retained counsel could be imputed on the insurer).

## CONCLUSION

NorGUARD's pattern of concealment and misrepresentation regarding the timeline of events has already prejudiced MBRE and misled this Court. Allowing NorGUARD to continue advancing arguments based on false premises would compound this prejudice and undermine the integrity of these proceedings.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion in *limine* and enter an order excluding the arguments and evidence described above.

## MOTION IN *LIMINE* NO. 3

### TO EXCLUDE ARGUMENTS THAT NORGUARD DID NOT CONTROL THE LITIGATION

## INTRODUCTION

MBRE respectfully moves this Court for an order *in limine* excluding any arguments, testimony, or evidence by NorGUARD suggesting that it did not control MBRE's defense prior to issuing its reservation of rights letter. Such arguments contradict Illinois law governing insurer-appointed defense counsel, are inconsistent with NorGUARD's own admissions, and would mislead the Court on the legal issues of waiver and estoppel.

## FACTUAL BACKGROUND

Throughout the relevant timeline, MBRE's defense was handled exclusively by NorGUARD's appointed panel counsel—first Sanchez & Daniels, then Robert Hogan of Nyhan, Bambrick, Kinzie, & Lowery. No other attorneys represented MBRE during this period.

NorGUARD's own claims handler and adjuster (and Attorney) Harry O'Neil testified unequivocally about NorGUARD's control over the litigation:

> Q: Controlling the defense of MBRE through its appointed panel counsel, Sanchez and then Bob Hogan?
> A: **I was managing the defense. Controlling the defense would be accurate, yes.**
> **Q: As an employee of NorGUARD, correct?**
> **A: Correct.**

See Deposition of Harry O'Neil, attached hereto as **Exhibit A** at 71:07 (emphasis added). Further, the NorGUARD policy explicitly grants the insurer both "the right and duty to defend" and states: "We have the right to investigate and settle these claims, proceedings or suits." See applicable policy language, attached hereto as **Exhibit B** at NORGUARD - MBRE 0025. The policy further requires the insured to "cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit." *Id.*

## **ARGUMENT**

### A. Control Is Established as a Matter of Law Through the Appointment of Counsel

Under Illinois law, once an insurer appoints Defense Counsel to represent the insured, a tripartite relationship is formed and the right to control the defense inherently arises with that appointment, absent independent counsel. *Nandorf, Inc. v. CNA Ins. Cos.*, 134 Ill. App. 3d 134, 479 N.E.2d 988 (1st Dist. 1985). Control is presumed where counsel is appointed, even if the insurer does not "micro-manage" the litigation, as the insurer exercises control by virtue of its power to select counsel, monitor billing, and settle claims. *Id.*

### B. NorGUARD Has Already Admitted Control

NorGUARD cannot now disclaim control when its own adjuster (also a licensed attorney) testified that "controlling the defense would be accurate" and that he was

"managing the defense." These admissions are binding and conclusive on the issue of control. **Exhibit A** at page 71:07.

## C. Arguments Disclaiming Control Are Legally and Factually Improper

This Court has already expressed skepticism about NorGUARD's attempts to disclaim control, noting in its summary judgment opinion that "the Court is skeptical of NorGUARD's blanket assertion that it did not waive its rights because it did not have actual knowledge of the claims, when during the same period NorGUARD's appointed counsel was actively litigating the case."

The Court further observed that "a party's attempt to disclaim knowledge of actions taken by its own attorneys raises significant concerns; particularly when there are public policy reasons to disallow an insurer from disclaiming knowledge and control of the conduct of its own appointed counsel when it assumes a defense without reserving rights." Docket No. 100.

## D. Such Arguments Are Misleading and Are Prejudicial Under Rule 403

NorGUARD's claim of "lack of control" is misleading and undermines the waiver/estoppel analysis, which is legal and objective in nature. Control in the insurance context is a legal determination based on the appointment and payment of counsel, not a factual question about day-to-day litigation management that requires factual resolution.

Allowing NorGUARD to argue a lack of control would introduce irrelevant and prejudicial testimony that confuses the issues and contradicts established legal principles. Federal Rule of Evidence 403 supports exclusion of such an argument as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of issues.

## **CONCLUSION**

NorGUARD appointed and paid defense counsel without reserving rights, and its adjuster admitted to controlling and managing MBRE's defense. Illinois law presumes

control in such circumstances. Allowing NorGUARD to argue otherwise would contradict controlling authority, its own admissions, and would mislead the Court on legal issues to properly be determined by the Court.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion in *limine* and enter an order excluding any arguments, testimony, or evidence suggesting that NorGUARD lacked control over MBRE's defense.

### MOTION IN *LIMINE* NO. 4

### TO LIMIT NORGUARD TO CALLING ONLY PROPERLY DISCLOSED WITNESSES

### INTRODUCTION

Plaintiff respectfully moves this Court for an order in *limine* limiting NorGUARD to calling only those witnesses who were properly and specifically disclosed in compliance with Federal Rule of Civil Procedure 26(a). NorGUARD should be prohibited from calling any witnesses other than the three individuals specifically identified by name in their First Amended Disclosures: **Rosemarie Farrell, Harry O'Neil, and Martin Kraslen**. It is anticipated that NorGUARD will attempt to call undisclosed witnesses under its blanket reference "representatives and employees" of various Corporations and to "all those disclosed by Defendant MBRE." See NorGUARD's First Amended Disclosure, attached hereto as **Exhibit C**. In NorGUARD's amended disclosures dated July 27, 2023, NorGUARD disclosed, and Exhibit D, NorGUARD Answers to Interrogatories dated October 24, 2023 (answers 3 and 4), wherein it references FRCP 33(d) and 26(a)(1) in its answer

### NorGUARD Disclosures:

In NorGUARD's Rule 26(a) disclosures dated October 5, 2022, NorGUARD identified the following as witnesses:

- Rosemarie Farrell
- Harry O'Neil
- MBRE (corporate entity)
- Martin Kraslen
- National Wrecking (corporate entity)
- Norman Mechanical Inc. (corporate entity)

In NorGUARD's amended disclosures dated July 27, 2023, NorGUARD disclosed:

- Rosemarie Farrell
- Harry O'Neil
- MBRE ("Representatives and employees" of this corporate entity)
- Martin Kraslen
- CNA ("Representatives and employees" of this corporate entity)

Since then, and notwithstanding any Rule 26(a) disclosure made by MBRE, NorGUARD has not updated or amended its identified witnesses in its disclosures. Therefore, and as set out below, NorGUARD should be limited to calling only the witnesses it has disclosed by name and pursuant to Rule 26(a).

A. NorGUARD Failed to Disclose Specific Individual Witnesses

Rather than identifying specific individuals who might testify on behalf of the corporate entities, NorGUARD made generic references to the corporate entities themselves. These corporate disclosures are insufficient under Rule 26(a), which requires disclosure of individuals who may be used to support claims or defenses. Fed. R. Civ. P. 26.

B. NorGUARD Cannot Rely on MBRE's Disclosures

NorGUARD appears to have also attempted to rely on MBRE's witness disclosures rather than making proper disclosures of its own. Even if MBRE disclosed specific individuals from these corporate entities, NorGUARD cannot also simply adopt MBRE's disclosures as its own without making proper supplemental disclosures identifying the specific individuals it intends to call and the specific testimony for each such witness.

**ARGUMENT**

A. Rule 26(a) Requires Disclosure of Specific Individual Witnesses

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to disclose "**the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses.**" *Id.* Emphasis added.

Corporate entities cannot testify. Only individuals can serve as witnesses. By disclosing only corporate names rather than specific individuals, NorGUARD failed to comply with Rule 26(a)'s plain requirements.

### B. Generic Corporate Disclosures Are Insufficient

Under Rule 26(a), a party must also conduct a reasonable inquiry for each individual identified and disclose the subject matter of the person's information. *Tamas v. Fam. Video Movie Club, Inc.*, 304 F.R.D. 543, 546 (N.D. Ill. 2015) citing *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004). The mere listing of generic categories of unnamed individuals is insufficient to satisfy Rule 26(a)(1)(A)(i) and (a)(2)(A). *Passarella v. NFI Interactive Logistics, LLC*, No. 12 C 4147, 2016 WL 6134541, at *4 (N.D. Ill. Oct. 20, 2016). Rule 26(a)(1)(A)(i) expressly requires disclosure of an individual's "name and, if known, the address and telephone number of each individual likely to have discoverable information," *Id.;* Fed. R. Civ. P. 26(a)(1)(A)(i); see also *Rogers v. Bank of American*, N.A., 2014 WL 4681031, at *4-6 (D. Kan. Sept. 19, 2014) (holding initial disclosures that genetically listed "corporate representative" or "records custodian" insufficient to comply with Rule 26(a)(1)(A)(i)). Rule 26(a)(2)(A) requires disclosure of "the identity of any witness" a party may use at trial to present expert testimony. Fed. R. Civ. P. 26(a)(2)(A); see also *Walton v. Best Buy Co. Inc.*, 2010 WL 1494612, at *5 (E.D. Mich. April 14, 2010) (holding "Plaintiff's listing of only the categories for which she may use expert witnesses at trial does not satisfy Rule 26(a)(2)(A)."). Rule 26(e)(1) requires timely supplementation or correction of Rule 26(a) disclosures if they are incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A).

When a party fails to properly identify a witness, the party is not allowed to use that witness at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

### C. NorGUARD Cannot Piggyback on MBRE's Disclosures

Each party has an independent obligation to make proper Rule 26(a) disclosures. NorGUARD cannot satisfy its disclosure obligations by simply assuming it can rely on witnesses disclosed by MBRE. If NorGUARD intended to call witnesses identified in MBRE's disclosures, it was required to supplement its own disclosures to specifically identify those individuals and specifically disclose the knowledge and testimony of each such individual.

### D. Rule 37(c) Mandates Exclusion of Undisclosed Witnesses

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to disclose witnesses as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The exclusion is "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003).

### E. NorGUARD's Disclosure Violations Were Neither Justified Nor Harmless

Not Substantially Justified: NorGUARD provides no explanation for why it failed to identify specific individual witnesses from the corporate entities it listed. The requirements of Rule 26(a) are clear and have been established for decades.

Not Harmless: MBRE has been prejudiced by NorGUARD's inadequate disclosures because:

- MBRE cannot adequately prepare for trial without knowing which specific individuals NorGUARD intends to call
- MBRE cannot conduct targeted discovery or deposition preparation
- MBRE cannot assess potential conflicts or bias of unknown witnesses
- The failure creates unfair surprise at trial

F. NorGUARD Should Be Limited to Its Three Named Individual Witnesses

Based on NorGUARD's disclosures, the only individuals specifically identified by name are:

- Rosemarie Farrell
- Harry O'Neil
- Martin Kraslen

NorGUARD should be limited to calling these three witnesses and should be prohibited from calling any other individuals, including employees or representatives of MBRE, CNA, National Wrecking, or Norman Mechanical Inc.

G. Allowing Undisclosed Witnesses Would Reward Discovery Violations

Permitting NorGUARD to call witnesses not properly disclosed would reward its failure to comply with discovery rules and create unfair prejudice to MBRE. It would also undermine the purposes of Rule 26(a), which is designed to promote efficiency and fairness in litigation through proper advance disclosure.

H. Bar Plaintiff NorGuard from its request (or Motion) reversing the proper order of trial to avoid its disclosure failures.

Plaintiff during the parties recent Court phone conference orally asked the Court to both reverse the standard order of trial presentation (having Defendant proceed first and reverse the burden of proof) as well as to forgive it for failing to disclose witnesses and allow it to call witnesses that it did not disclose and/or allow it to call witnesses that were disclosed by Defendant.

**CONCLUSION**

NorGUARD failed to comply with Rule 26(a) by making generic corporate disclosures rather than identifying specific individual witnesses. This failure was neither

substantially justified nor harmless, and Rule 37(c) mandates exclusion of undisclosed witnesses.

For the foregoing reasons, MBRE respectfully requests that this Court grant this Motion in *limine* and enter an order limiting NorGUARD to calling only the three specifically named individuals disclosed in their Rule 26(a) disclosures: Rosemarie Farrell, Harry O'Neil, and Martin Kraslen.

Respectfully Submitted

MB REAL ESTATE SERVICES, INC.
By and through its Attorney
Mark G. Patricoski

Mark G. Patricoski
Gregory A. Patricoski
1755 South Naperville Road, Suite 100
Wheaton, IL 60189
630-933-8000
mark@markpatlaw.com
gregory@markpatlaw.com